UNITED STATES DISTRICT COURT  SN 7057
EASTERN DISTRICT OF NEW YORK

---

GARNELL THOMPSON,

                     Petitioner,

        -against-

DALE ARTUS,

                     Respondent.

AFFIDAVIT IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS

10-CV-01443 (CBA)

---

STATE OF NEW YORK   )
                            ) SS:
COUNTY OF KINGS    )

SOLOMON NEUBORT, duly affirms, deposes and states as follows:

1. I am an Assistant District Attorney of counsel to Charles J. Hynes, the District Attorney of Kings County. I am admitted to practice in New York State and before this Court.

2. This affidavit is submitted in opposition to the supplemental pro se application of petitioner (hereinafter, "defendant"), dated February 28, 2011, for a writ of habeas corpus.

3. By pro se papers dated March 29, 2010, defendant filed in this Court a petition for a writ of habeas corpus.

4. By papers dated June 23, 2010, respondent filed a response to defendant's petition.

1

5. By pro se papers filed February 28, 2011, and March 3, 2011, defendant filed a pro se supplement to his initial papers. In his supplemental papers, defendant claims that he was denied effective assistance of trial counsel because counsel failed to preserve for appellate review his claim that hearsay evidence admitted at trial denied him a fair trial and because counsel failed to assert at trial that the prosecution fabricated a confidential eyewitness. Defendant also again claims, as he did in his main memorandum of law, that the prosecutor fabricated a confidential eyewitness.

For the reasons set forth in respondent's main memorandum of law and the accompanying supplemental memorandum of law, defendant's petition should be summarily denied.

Dated: Brooklyn, New York
March 30, 2012

_____
Solomon Neubort
Assistant District Attorney
Office of the Kings County
District Attorney
350 Jay Street
Brooklyn, New York 11201
(718) 250-2514

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GARNELL THOMPSON,

                     Petitioner,

      -against-                 109-CV-1443 (CBA)

DALE ARTUS,

                     Respondent.

MEMORANDUM OF LAW

POINT I

<u>DEFENDANT CLAIMS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE COUNSEL FAILED TO OBJECT TO THE ADMISSION OF HEARSAY EVIDENCE AT TRIAL, BUT THIS CLAIM IS UNREVIEWABLE HEREIN BECAUSE DEFENDANT HAS FAILED TO EXHAUST HIS STATE REMEDIES WITH RESPECT TO THE CLAIM. MOREOVER, THE CLAIM IS MERITLESS.</u>

Defendant claims that he was denied effective assistance of trial counsel, but defendant did not exhaust his state remedies with respect to this claim, because he failed to raise this claim in the state courts. In order to be entitled to a federal writ of <u>habeas corpus</u>, a state prisoner must exhaust his state remedies by fairly presenting the claims to the state courts. 28 U.S.C. § 2254(b)(1)(A), (c); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Dorsey v. Kelly</u>, 112 F.3d 50, 52 (2d Cir. 1997). A claim has been fairly presented to the state courts only where

it has been presented to the highest state court possible. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991); Daye v. Attorney General, 696 F.2d 186, 190 n.3 (2d Cir.), cert. denied, 464 U.S. 1048 (1984). In this case, defendant did not raise this claim in the state courts.

In the Appellate Division, defendant claimed on appeal that he was denied a fair trial because the prosecution introduced hearsay evidence. Defendant did not, however, argue on appeal to the Appellate Division that trial counsel's failure to object to the admission of hearsay evidence denied him effective assistance of trial counsel. Accordingly, defendant's claim that he was denied effective assistance of trial counsel is unexhausted. Defendant also subsequently argued in the Appellate Division, in a motion for a writ of error coram nobis, that he was denied effective assistance of appellate counsel because appellate counsel failed to claim on appeal that trial counsel was ineffective for not objecting to the introduction of hearsay evidence. However, the Second Circuit has held that a coram nobis petition challenging appellate counsel's failure to raise a claim on appeal does not exhaust the underlying claim. See Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001), cert. denied, 534 U.S. 1031 (2001).

Furthermore, defendant has no available state forum in which to raise this claim now. Defendant was entitled only to one

2

appeal to the Appellate Division and one request for leave to appeal to the New York Court of Appeals, both of which he pursued long ago. See N.Y. Crim. Proc. Law § 450.10(1); N.Y. Rules of Court § 500.10 (a); Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (holding claim unexhausted but procedurally barred because defendant could not, as of right, initiate successive appeal to Appellate Division or successive request for leave to appeal to New York Court of Appeals). Defendant also cannot raise this claim in a motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10, because, under state law, a court must deny a motion pursuant to Criminal Procedure Law § 440.10 where, as here, the claim is apparent from the record and thus could have been raised on direct appeal. See N.Y. Crim. Proc. Law § 440.10 (2)(c); Aparicio v. Artuz, 269 F.3d at 91; Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993). Because defendant did not fairly present this claim to the state courts, and no longer has a state forum in which to raise this claim, this claim should be deemed exhausted but denied on the ground that it is procedurally barred. See Aparicio v. Artuz, 269 F.3d at 91; Washington, 996 F.2d at 1447.

In any event, defendant's claim is meritless. To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, a defendant must establish that counsel's conduct fell outside the "wide range of professionally competent

3

assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984); see Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990); Gulliver v. Dalsheim, 739 F.2d 104, 107 (2d Cir. 1984). Furthermore, the defendant must show that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Abdurrahman, 897 F.2d at 74; Gulliver, 739 F.2d at 107.

Under the New York State Constitution, a defendant must demonstrate that he or she was denied "meaningful representation." People v. Stultz, 2 N.Y.3d 277, 284 (2004). To establish ineffective assistance of counsel under the State Constitution, a defendant must show that counsel's mistakes were so egregious that they denied the defendant a fair trial. Id. at 283-84; see People v. Henry, 95 N.Y.2d 563, 566 (2000); People v. Benevento, 91 N.Y.2d 708, 713-14 (1998); People v. Maldonado, 278 A.D.2d 513, 514 (2d Dep't 2000).

In New York, although a defendant does not have to show that he was prejudiced by his attorney's shortcomings -- as he would under the Strickland standard -- the defendant must still show that the proceeding as a whole was unfair. Stultz, 2 N.Y.3d at 283-84. Moreover, whether the defendant was prejudiced is a significant element in assessing meaningful representation. Id. Indeed, the New York Court of Appeals said

4

that it would be "skeptical of an ineffective assistance of counsel claim absent any showing of prejudice." Id.

Under both the state and federal standards, reviewing courts "must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis." Benevento, 91 N.Y.2d at 712 (internal quotation marks and citation omitted); see Strickland, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

In this case, defendant has failed to meet these highly demanding standards. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). In any event, defendant was not prejudiced by counsel's failure to preserve the hearsay claims for appellate review, because the Appellate Division not only held that the claims were unpreserved for appellate review, but that the claims were also meritless. Specifically, the Appellate Division held:

> defendant's remaining contentions that . . . he was denied a fair trial by the prosecutor's introduction of hearsay testimony . . . are unpreserved as they were not raised before the Supreme Court and, in any event, without merit.

5

People v. Thompson, 54 A.D.3d 975 (2d Dep't 2008) (citation omitted and emphasis added). Accordingly, preserving the claim for appellate review would have required the Appellate Division to reach the issue on its merits, but in this case the Appellate Division, in the alternative, in fact reached the merits and rejected the claim on its merits. Thus, it is clear that even if trial counsel had preserved the claim for appellate review, the Appellate Division would have rejected the claim on its merits. Therefore, defendant was not prejudiced by his attorneys', alleged, failures, and defendant's claim should be denied.[1]

---

[1] Furthermore, for the reasons given in respondent's main memorandum of law and for the reasons given in the People's briefs to the Appellate Division, the Appellate Division correctly held that defendant's hearsay claim was meritless.

POINT II

<u>DEFENDANT CLAIMS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE COUNSEL FAILED TO ASSERT AT TRIAL THAT THE PEOPLE FABRICATED A CONFIDENTIAL INFORMANT TO ENABLE THEM TO DETAIN DEFENDANT PENDING GRAND JURY ACTION, BUT THIS CLAIM IS UNREVIEWABLE HEREIN BECAUSE DEFENDANT HAS FAILED TO EXHAUST HIS STATE REMEDIES WITH RESPECT TO THE CLAIM. MOREOVER, THE CLAIM IS MERITLESS.</u>

Defendant claims that he was denied effective assistance of trial counsel because counsel failed to assert at trial that the people fabricated a confidential informant to enable them to detain defendant pending grand jury action, but this claim is unreviewable herein because defendant has failed to exhaust his state remedies with respect to the claim. As argued above in Point I, in order to be entitled to a federal writ of <u>habeas corpus</u>, a state prisoner must exhaust his state remedies by fairly presenting the claims to the state courts. 28 U.S.C. § 2254(b)(1)(A), (c).

Defendant did not raise this claim in the state courts. Defendant moved to vacate his judgment of conviction in the state Supreme Court, pursuant to New York Criminal Procedure Law § 440.10, claiming that the prosecution fabricated an eyewitness. But defendant did not argue in the state courts that counsel was ineffective for failing to assert that claim at trial.

Moreover, the claim that defendant did raise in the state courts, that the prosecution fabricated a confidential eyewitness,

7

was rejected by the state court on an independent and adequate state ground. And a federal court, when reviewing a habeas petition from a state prisoner, cannot consider the merits of a federal constitutional claim when the state court refused to review the merits of the claim on an adequate and independent state ground. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722, 727-30 (1991); Wainwright v. Sykes, 433 U.S. 72, 81-91 (1977). The state court rejected defendant's claim because, under state law, a court must deny a motion pursuant to Criminal Procedure Law § 440.10 where, as here, the claim is apparent from the record and thus could have been raised on direct appeal. See N.Y. Crim. Proc. Law § 440.10(2)(c); Aparicio v. Artuz, 269 F.3d at 91; Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993). The procedural bars pursuant to New York Criminal Procedure Law §§ 440.10(2) and 440.10(3) are independent and adequate state grounds for decision. See Tineo v. Strack, 1998 U.S. Dist. LEXIS 20188 (E.D.N.Y. 1998) (federal review procedurally barred where state court denied claim pursuant to N.Y. C.P.L. § 440.10[3][c]); Wells v. LeFavre, 1997 U.S. Dist. LEXIS 16932 (S.D.N.Y. 1997) (federal review procedurally barred where state court denied claim pursuant to N.Y. Crim. Proc. Law § 440.10[2]).

In short, defendant did not raise his present claim in the state courts -- although he did raise a related claim in the state

8

courts that was rejected by the state courts on an independent and adequate state ground and therefore that claim is unreviewable herein for that reason -- and thus, he has failed to exhaust his state remedies with respect to this claim. Moreover, because defendant no longer has a state forum in which to raise this claim (see supra, Point I), his claim should be deemed exhausted but denied. In any event, even if this Court were to deem the claim exhausted, because defendant raised a similar claim in the state courts, defendant's claim should be denied as procedurally barred because, to the extent that he raised the claim in the state courts, the claim was rejected by the state courts on an independent and adequate state ground. Accordingly, defendant's claim that he was denied effective assistance of trial counsel should be denied.

Furthermore, for the reasons given in the People's responses to defendant's motion in the state court, dated December 2, 2005, to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10 -- hereby incorporated by reference -- defendant's claim that the people fabricated a confidential informant is meritless. Additionally, the claim is meritless for another reason as well. Defendant's claim relates solely to what the prosecution, allegedly, did to detain defendant prior to the grand jury indictment. But the claim is moot because the prosecution at trial proceeded on the grand

9

jury indictment, at which point the prosecution indisputably could proceed to trial based on the evidence presented to the grand jury. See People v. Gonzalez, 157 A.D.2d 625, 626 (1st Dep't 1990); see also People v. Jackson, 286 A.D.2d 912 (4th Dep't 2001) (any insufficiency in the felony complaint was "irrelevant," once the People filed superior court information); People v. Black, 270 A.D.2d 563, 564-65 (3d Dep't 2000); Peterson v. Becker, 72 A.D.3d 1250, 1252 (3d Dep't 2010).[2]

---

[2] Defendant asserts that Alston could not have been the confidential eyewitness, because the People stated that a confidential eyewitness had identified defendant as the shooter, and according to defendant, Alston could not have identified defendant as the shooter, because Alston stated that he did not observe the actual shooting. Defendant is incorrect. Although Alston did not see defendant actually pull the trigger, Alston did hear the victim tell him that defendant was going to kill her, Alston did see defendant approach the victim, Alston did see defendant brandish a gun, Alston did hear defendant tell him to move away from the victim, and as Alston was moving away, he did hear gunshots. Accordingly, although Alston did not actually see defendant pull the trigger, he was, nonetheless, an eyewitness who identified defendant as the shooter.

10

CONCLUSION

<u>FOR THE REASONS STATED ABOVE, DEFENDANT'S PETITION SHOULD BE SUMMARILY DENIED</u>.

                                  Respectfully submitted,

                                  CHARLES J. HYNES
                                  District Attorney
                                  Kings County

LEONARD JOBLOVE
SOLOMON NEUBORT
Assistant District Attorneys
    of Counsel

Certificate of Service

I hereby certify that on March 30, 2012, I caused the foregoing document to be served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the follow party:

Garnell Thompson
06-A-0191
Clinton Correctional Facility
1156 Rt. 374
P.O. Box 2001
Dannemora, New York 12929

*[signature]*

Solomon Neubort
Assistant District Attorney
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, New York  11201
(718) 250-2514