UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARNELL THOMPSON,

                    Petitioner,

    -against-

DALE ARTUS,

                    Respondent.
-----------------------------------------------------------X

NOT FOR PUBLICATION
**AMENDED AND CLARIFIED**
**MEMORANDUM & ORDER**
10-cv-1443 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 9 - 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

On December 6, 2013, this Court denied Garnell Thompson's habeas petition pursuant to 28 U.S.C. § 2254 and judgment was entered accordingly. (D.E. # 29, 30.) Thompson appealed the order and judgment to the United States Court of Appeals for the Second Circuit. (Notice of Appeal dated December 18, 2013, D.E. # 31.) After the notice of appeal was filed, Thompson submitted a motion in this Court, dated December 23, 2013, to vacate the Court's judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (D.E. # 32, 33.)

This Court issued an order dismissing Thompson's motion to vacate on December 30, 2013, on the basis that the Court lacked jurisdiction to consider a Rule 60 motion after a notice of appeal has been filed. (D.E. # 34.) As a general rule, once a notice of appeal has been filed, a district court is divested of jurisdiction to consider further motions in a case. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, the Second Circuit has instructed that even after a notice of appeal is filed, a district court may "entertain and deny" a Rule 60 motion, even though the court would have no jurisdiction to grant the

motion absent permission from the circuit court. Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (emphasis in original); see Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Pub'g Corp., No. 3:03CV01036DJS, 2009 WL 1588438, at *2 (D. Conn. June 5, 2009) (noting that Toliver requires an "odd procedure because it asks the Court to tentatively decide a motion in a situation where the Court does not necessarily have jurisdiction to rule on it"). Because this Court finds Thompson's Rule 60 motion to be without merit, it clarifies its December 30 order to deny Thompson's motion on that ground.

In his motion to vacate, Thompson argues that the "state and federal district court were deceived by [Respondent's] false assertion" that one of Thompson's Brady claims was unpreserved. (D.E. # 32 at 1-2.) The gist of Thompson's underlying claim is that the state violated Brady because it did not disclose that Shiquon Alston, an eyewitness to the crime, had described the shooter as having a "lazy" right eye, which precluded defense counsel from arguing that the identification procedure was unduly suggestive. Thompson raised this claim on direct appeal in a pro se supplemental brief. (See Supp. Pro Se Brief at 31-32.) The Appellate Division found this claim to be both unpreserved and without merit. In considering Thompson's habeas petition, this Court determined that the Appellate Division's invocation of the contemporaneous objection rule constituted an adequate and independent state ground for the state court's decision, thus precluding habeas review. See Thompson v. Artus, No. 10-CV-1443 CBA, 2013 WL 6408354, at *6 n.5 (E.D.N.Y. Dec. 6, 2013).

Thompson now claims that on October 14, 2005, shortly after the Wade hearing but before trial, he "mailed the trial court an affidavit alleging . . . he was singled out during the photo array and line up procedures in violation of his Fourteenth Amendment right and thus misidentified by Alston." (Thompson Aff., D.E. # 33, at 2-3.) To his motion to vacate, Thompson attach-

es the affidavit he purportedly submitted in October 2005. He argues that this affidavit "must be deemed to have been filed in the trial court in time for the Court to remedy the due process violation concerning the photo array and line up." (Id. at 3.)

Thompson claims he is entitled to Rule 60 relief because the prosecutor "perpetrated a fraud on the Court" by stating that Thompson's Brady claim was unpreserved. See Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud, misrepresentation, or misconduct by an opposing party."). This contention is utterly meritless, as there is no evidence that the Respondent in this case engaged in any fraud. Moreover, although Thompson previously raised his Brady claim both in state court and this Court, Thompson now proffers this affidavit for the first time. Thompson concedes that his trial counsel did not argue that the photo array and line-up were unduly suggestive. (Thompson Aff., D.E. # 33, at 2.) Thompson also makes no claim that his trial counsel previously raised the Brady claim.

Federal Rule of Civil Procedure 60 may only be used to attack "the integrity of the habeas proceeding and not the underlying criminal conviction," and Thompson has not established that Respondent has perpetrated a fraud on this Court. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see, e.g., Espinal v. United States, No. 11-CV-0163 FB, 2012 WL 372014, at *1 (E.D.N.Y. Feb. 3, 2012) ("Only claims that address 'some defect in the integrity of the federal habeas proceedings' may be the subject of a Rule 60 motion."). Accordingly, Thompson's motion is denied as without merit.

SO ORDERED.

Dated: January _Y_, 2014
Brooklyn, N.Y.

Carol Bagley Amon
Chief United States District Judge

3